# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:15-CR-00028-10 |
| v. | (Judge Brann) |
| DAVID WESLEY ASHBY, | |
| Defendant. | |

## MEMORANDUM OPINION

### AUGUST 12, 2020

Currently pending before the Court is David Wesley Ashby's motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] Ashby contends that he is entitled to release to home confinement due to the COVID-19 pandemic and his particular susceptibility to the virus.[2] The Government opposes the motion.[3]

### I.    BACKGROUND

In 2015, Ashby was charged in a superseding indictment with conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846.[4] Ashby later pled guilty, pursuant to a written a plea agreement,[5] to that charge and was sentenced to 46 months' imprisonment.[6] He is currently incarcerated at the Federal Correctional Institution Danbury, located in Danbury, Connecticut ("FCI Danbury").

---

[1]   Doc. 573.
[2]   *Id.*
[3]   Doc. 588.
[4]   Doc. 73.
[5]   Doc. 520.
[6]   Doc. 544.

Ashby has now filed a motion for compassionate release.[7] In his motion, Ashby asserts that he is obese and suffers from asthma, both of which place him at a higher risk of serious illness or death should he contract COVID-19.[8] The Government responds that no extraordinary and compelling basis exists to grant the motion and, in any event, the relevant 18 U.S.C. § 3553(a) sentencing factors militate against releasing Ashby to at-home confinement.[9] This motion is ripe for consideration and, for the following reasons, Ashby's motion will be denied.

## II.   DISCUSSION

"[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization."[10] Congress has provided courts with authority to modify sentences through its enactment of 18 U.S.C. § 3582(c)(1)(A). That statute permits courts to reduce an inmate's sentence if the inmate has exhausted his administrative remedies[11] and if, as relevant here, "extraordinary and compelling reasons warrant such a reduction."[12] Courts must also consider the relevant § 3553(a) sentencing factors[13] and whether "the defendant is .

---

[7]  Doc. 573.
[8]  Docs. 573, 585, 589.
[9]  Doc. 588.
[10] *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007).
[11] The Government asserts that Ashby has exhausted his administrative remedies. (Doc. 588 at 19-20). Because Ashby's motion fails on its merits, the Court assumes, without deciding, that Ashby has exhausted his administrative remedies.
[12] 18 U.S.C. § 3582(c)(1)(A)(i).
[13] *Id.*

2

. . a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."[14]

Congress has not defined the term "extraordinary and compelling." However, the Sentencing Guidelines define the term to include a terminal illness, or any non-terminal illness "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."[15] This definition is not, however, authoritative, as "[t]he Commission has not updated its policy statement to account for the changes imposed by the First Step Act, and the policy statement is now clearly outdated."[16] Thus, while "the Policy Statement provides useful guidance for district courts in assessing a defendant's eligibility for compassionate release, . . . it does not constrain a court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3852(c)(1)(A)."[17]

The relevant sentencing factors to consider under § 3553(a) include, *inter alia*, (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed . . . to protect the public from further crimes of the defendant"; (3) "the need for the sentence imposed . . . to

---

[14] U.S. Sentencing Guidelines Manual § 1B1.13(2).
[15] USSG § 1B1.13, cmt. n.1(A).
[16] *United States v. Rodriguez*, __ F.Supp.3d __, __, No. 2:03-CR-00271-AB-1, 2020 WL 1627331, at *3 (E.D. Pa. Apr. 1, 2020).
[17] *United States v. Guzman*, No. 3:16-CR-85, 2020 WL 4515476, at *3 (M.D. Pa. Aug. 5, 2020) (brackets and internal quotation marks omitted).

afford adequate deterrence to criminal conduct"; and (4) "the need for the sentenced imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."[18] "The burden rests with the defendant to show that a reduction in sentence is proper."[19]

Here, Ashby has not met his burden of establishing that extraordinary and compelling reasons weigh in favor of compassionate release. As an initial matter, the Court notes that the existence of COVID-19 cannot alone justify compassionate release. As the United States Court of Appeals for the Third Circuit has explained:

> We do not mean to minimize the risks that COVID-19 poses in the federal prison system, . . . But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.[20]

Thus, to demonstrate extraordinary and compelling reasons for compassionate release, movants must show that they suffer from one or more ailments that render them more susceptible to serious injury or death should they contract COVID-19. The Court concludes that Ashby has failed to make such a showing.

First, although Ashby contends that he is overweight, the record demonstrates that his weight does not place him in a category of especially vulnerable individuals. The Centers for Disease Control and Prevention ("CDC") notes that individuals are

---

[18] 18 U.S.C. § 3553(a).
[19] *United States v. Rengifo*, No. CV 1:13-CR-00131, 2020 WL 4206146, at *2 (M.D. Pa. July 22, 2020).
[20] *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

at an increased risk of severe illness resulting from a COVID-19 infection if they are classified as obese—that is, they have a body mass index ("BMI") "of 30 or higher."[21] However, the most recently available data from Ashby's medical records reveals that he is 68 inches tall and weighs 193 pounds.[22] According to the CDC's online tool, Ashby therefore has a BMI of 29.3,[23] below the CDC's threshold of vulnerability to severe complications from COVID-19. Ashby's weight thus does not render him particularly vulnerable to severe complications from COVID-19.

Second, although it is undisputed that Ashby suffers from asthma and has been prescribed an Albuterol emergency inhaler to help alleviate his symptoms in emergency situations,[24] Ashby has not demonstrated that his asthma renders him more vulnerable to COVID-19.

The CDC lists moderate to severe asthma as a condition that may increase the risk for severe illness from COVID-19.[25] As other courts have discussed, "one has 'moderate asthma' where the individual suffers from daily symptoms, experiences nighttime awakenings more than once a week, uses an albuterol rescue inhaler on a

---

[21] Centers for Disease Control and Prevention, *Coronavirus Disease 2019, People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Aug. 11, 2020).
[22] Doc. 588-2 at 24.
[23] Centers for Disease Control and Prevention, *Healthy Weight, Adult BMI Calculator*, https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator.html (last visited Aug. 11, 2020).
[24] *See* Doc. 588-2 at 1, 5.
[25] Centers for Disease Control and Prevention, *Coronavirus Disease 2019, People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Aug. 11, 2020).

daily basis, and experiences some limitation of normal activities."[26] Ashby has not established that he suffers from moderate to severe asthma, and the medical records do not establish any of the four diagnostic factors for moderate asthma. There is no evidence that Ashby experiences daily asthma symptoms or must use his rescue inhaler daily, or that he experiences any nighttime awakenings or limitation in his normal activities.

To the contrary, Ashby's medical records reveal that he has been prescribed only an emergency inhaler—with no daily treatment—and uses that inhaler only approximately two times per month.[27] Ashby's most recent asthma attack was approximately ten years ago, he has never been hospitalized due to his asthma and, during examinations in January and March 2020, his lungs and respiratory function were normal.[28] In light of these unremarkable records that demonstrate Ashby's asthma is well-controlled, the Court concludes that Ashby has not shown that he suffers from moderate or severe asthma, as is his burden.[29] Accordingly, the Court finds that Ashby's asthma does not render compassionate release appropriate.[30]

---

[26] *United States v. Smith*, No. CR 9-187, 2020 WL 4047485, at *3 (W.D. Pa. July 20, 2020).
[27] Doc. 588-2 at 46.
[28] *Id.* at 6, 8, 9, 11, 13, 24, 27, 46.
[29] *Rengifo*, 2020 WL 4206146, at *2.
[30] *See United States v. Guzman*, No. 3:16-CR-85, 2020 WL 4515476, at *4 (M.D. Pa. Aug. 5, 2020) (finding asthma insufficient to grant compassionate release where movant was prescribed only an inhaler that was used twice per week, movant was never hospitalized for the condition, and examinations were normal); *United States v. Zaffa*, No. CR 14-050-4, 2020 WL 3542304, at *2 (D.N.J. June 29, 2020) (asthma is insufficient "to meet the 'extraordinary and compelling' threshold" absent "concurrent risk factors (e.g. age or inclusion in another high-risk category)"); *United States v. Mazzo,* 2020 WL 3410819 (D. Conn. June 22, 2020) (asthma insufficient to demonstrate extraordinary and compelling reasons despite movant's

Finally, the Court notes that, despite FCI Danbury housing approximately 809 inmates, there is currently only one active COVID-19 case among the inmates at that facility and two active cases among its staff members, while an earlier outbreak at the facility has been largely contained.[31] It thus appears that, as a general matter, FCI Danbury has "respond[ed] to and defend[ed] against the threats of the virus in a vigorous and generally effective manner,"[32] which further emphasizes that Ashby is not entitled to compassionate release at this time.

The Court is sympathetic to Ashby's situation, and the risk of harm or death from COVID-19 is a serious issue. However, Ashby has not demonstrated that he suffers from any health condition that increases his susceptibility to severe complications should he contract COVID-19. In the absence of any such comorbidity, the Court simply cannot find that extraordinary and compelling reasons exist to grant Ashby's motion.

---

    use of multiple inhalers because condition was well-controlled); *United States v. Wheeler*, 2020 WL 2801289, at * 3 (D.D.C. May 29, 2020) (mild asthma does not constitute an extraordinary and compelling reason to grant compassionate release).

[31] *See* Federal Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus (last visited Aug. 11, 2020). BOP data reveals that 89 inmates and 61 staff members were previously infected but have recovered. *Id.*

[32] *United States v. Rae*, No. CR 15-432, 2020 WL 4544387, at *4 (E.D. Pa. Aug. 6, 2020); *see* Doc. 588 at 8-11 (detailing steps BOP has taken to protect inmates from COVID-19).

## III.  CONCLUSION

For the foregoing reasons, Ashby's motion for compassionate release will be denied.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge
